IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS, VIRGINIA)

CANDISS DAVIS                                        *
8757 Georgia Avenue, Suite 400                       *
Silver Spring, Maryland 20910                        *
                                                     *
And                                                  *
                                                     *
LAKESHA HUDSON                                       *
8757 Georgia Avenue, Suite 400                       *
Silver Spring, Maryland 20910                        *
                                                     *
*On Behalf of Themselves and All*                    *
*Other Similarly Situated Individuals*               *
                                                     *
      PLAINTIFFS[1],   *
                                                     *
v.                                                   *   Case No.:
                                                     *
KAYREE, INC.                                         *
D/B/A CLUB PARADISE II                               *
11312 Jefferson Avenue                               *
Newport News, Virginia 23601                         *
                                                     *
SERVE:  Anthony Rominiyi                             *
528 Potomac Avenue                                   *
Portsmouth, Virginia 23707                           *
                                                     *
      DEFENDANT.       *
**********************************************************************

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Candiss Davis ("Davis") and Lakesha Hudson ("Hudson") (together, "Plaintiffs"), by and through their undersigned counsel, on behalf of themselves and all other similarly situated individuals, hereby bring this Collective Action Complaint against the Defendant Kayree, Inc. d/b/a Club Paradise II ("Defendant"), and for grounds states as follows:

### PARTIES AND JURISDICTION

1.     Plaintiffs are each adult residents of the Commonwealth of Virginia.

---

[1] To avoid retaliation, Plaintiffs have used the address of their counsel.

2. Defendant is a corporation formed under the laws of Virginia with its principal place of business in Newport News, Virginia and its principal business being the operation of an exotic dance club known as Club Paradise II located at 11312 Jefferson Avenue Newport News, Virginia 23601.

3. During the period relevant to this action (June 2016 through the date of judgment, hereinafter "the relevant period"), Defendant qualified as Plaintiffs' employer and the employer of all other exotic dancers at the club, within the meaning of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

4. During the relevant period, Defendant had gross revenue and sales exceeding $500,000.00, sold beer, wine, spiritous beverages, colas, and food that passed in interstate commerce and otherwise qualified as an "enterprise engaged in commerce" under the FLSA.

5. By acting as the named plaintiffs in this action, Plaintiffs do each hereby affirm their consent to participate as a plaintiff in a collective action seeking relief under the FLSA.

6. This Court has personal jurisdiction of the Defendant, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, constitutes proper venue pursuant to 28 U.S.C. § 1391.

## FACTS

7. During the entirety of the relevant period, Plaintiffs were each employed by Defendant as exotic dancers at Defendant's "Club Paradise II" gentlemen's club in Newport News, Virginia.

8. During the period of Plaintiffs' employment, the number of shifts each Plaintiff worked varied from week to week.

9. During the period of Plaintiffs' employment, the exact number of hours each Plaintiff worked varied from week to week.

10. On information and belief, Defendant is in possession, custody, and/or control of time and/or sign in "house fee" payment records for each Plaintiff and all other exotic dancers employed by Defendant during the relevant period.

11. At all times, Defendant had actual knowledge of all hours each Plaintiff and all other exotic dancers worked each shift through sign in or tip-in sheets, DJ records, and shift-managers monitoring and supervising Plaintiffs' work duties and the work duties of other exotic dancers at the club.

12. At no time during Plaintiffs' period of employment did Defendant ever pay Plaintiffs or any other exotic dancers any wages for hours that Plaintiffs and other exotic dancers worked each week.

13. At all times relevant, Defendant totally failed to pay wages to Plaintiffs and all other exotic dancers for work duties performed.

14. At all times relevant, Defendant misclassified Plaintiffs and all other exotic dancers at Club Paradise II as independent contractors and not as employees.

15. At all times, Defendant controlled all aspects of the job duties Plaintiffs and all other exotic dancers performed inside Club Paradise II gentlemen's club through employment rules and workplace policies.

16. At all times, Defendant controlled the method by which Plaintiffs and all other exotic dancers could earn money at the club by establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

17. At all times, Plaintiffs and other exotic dancers were required to perform private and semi-private dances under the pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

18. At all times, Defendant hired Plaintiffs and all other exotic dancers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

19. At all times, Defendant, through supervisors and managers, supervised the duties of Plaintiff and all other exotic dancers to make sure their job performance was of sufficient quality.

20. At all times, Defendant conducted initial interviews and vetting procedures for Plaintiffs and other exotic dancers and, at Defendant's sole discretion, could deny either Plaintiff or any other dancer access or ability to dance and/or work at Club Paradise II.

21. At all times, Defendant had the right to suspend or send Plaintiffs or other exotic dancers home and away from the club if Plaintiffs or other dancers violated rules or policies or if Defendant, at its discretion, did not want either Plaintiff or any other dancer at the club.

22. As a condition of employment with Defendant, Plaintiffs and other dancers were not required to have or possess any requisite certification, education, or specialized training.

23. At all times relevant, Defendant was in the business of operating a night club featuring exotic dancers and at all times it was the job duty of Plaintiffs and each other exotic dancer to perform as exotic dancers for Defendant's customers.

24. In addition to failing to pay Plaintiffs and all other exotic dancers any wages for hours worked, Defendant required Plaintiffs and all other exotic dancers to pay Defendant a house fee or kickback of $25.00-$50.00 or more for each shift Plaintiffs and the other exotic dancers worked.

25. At all times during the relevant period, without legal excuse or justification, Defendant regularly and customarily kept and/or assigned to management tips and gratuities Plaintiffs and other exotic dancers received from customers.

26. For at least the past ten (10) years, gentlemen's clubs like Club Paradise II have publically been sued for misclassifying exotic dancers as independent contractors and failing to pay minimum wage compensation to exotic dancers as required by the FLSA.

27. On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for at least the past ten (10) years, there has been ongoing or past litigation by exotic dancers against gentlemen's clubs like Club Paradise II in which the exotic dancers challenged the so-called independent contractor classification and otherwise sought to recover unpaid wages and damages under the FLSA.

28. On information and belief, Defendant, and its ownership and management, had actual or constructive knowledge that for at least the past ten (10) years, courts across the country in ongoing or past litigation have found that exotic dancers like Plaintiffs and other exotic dancers at Club Paradise II were employees and not independent contractors and were owed minimum wage compensation under the FLSA.

29. For the entire time period relevant to this action, Defendant has had actual or constructive knowledge that it misclassified Plaintiffs and other exotic dancers at Club Paradise II as independent contractors instead of as employees and that Defendant's failure to pay wages and charging unlawful kickbacks to Plaintiffs and other exotic dancers was in direct violation of the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiffs are pursuing this lawsuit on behalf of themselves and all other similarly situated individuals who performed work duties as exotic dancers for Defendant at Defendant's Club Paradise II gentlemen's club during the period June 2016 through the final judgment of this case.

31. Plaintiffs and other current and former exotic dancers employed by Defendant at

the Club Paradise II are similarly situated because each were (1) improperly classified as independent contractors; (2) were not paid any wages by Defendant for hours worked; (3) were victims of tip theft whereby Defendant kept and/or assigned to management their tips and gratuities received from customers; (4) were required to pay per-shift house fee kickback to Defendant for each shift worked; and (5) were not paid wages at or above the Federal Minimum Wage of $7.25 for each hour worked.

32. Plaintiffs are substantially similar to other current and former exotic dancers employed by Defendant because all other exotic dancers and Plaintiffs are owed (1) a return of all house fee kickback payments made to Defendant for each shift worked; (2) reimbursement of all tips and gratuities taken and/or assigned by Defendant and/or Defendant's management; (3) payment for all hours worked in an amount equal to the Federal Minimum Wage of $7.25 per hour; plus (4) statutory liquidated damages as provided by Federal law for Defendant's failure to pay minimum wage compensation as required by the FLSA.

33. On information and belief, Defendant has employed at least fifty (50) current and former exotic dancers at Defendant's Club Paradise II in the past three (3) years.

34. On information and belief, Defendant is in custody, possession, and control of identifying records relating to all current and former exotic dancers employed by Defendant at Defendant's Club Paradise II in the past three (3) years.

## CAUSE OF ACTION
### Violation of Federal Fair Labor Standards Act

35. Plaintiffs re-allege and reassert every allegation set forth above as if each were set forth herein.

36. The FLSA required Defendant to pay Plaintiffs and other similarly situated exotic dancers at an hourly rate at least equal to the Federal Minimum Wage.

37. The FLSA required that Defendant allow Plaintiffs and other similarly situated

exotic dancers to keep all tips and gratuities received from customers.

38. As set forth above, Defendant failed to pay Plaintiffs and other similarly situated exotic dancers at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

39. Without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiffs and other exotic dancers and belonging to Plaintiffs and other exotic dancers.

40. Defendant's failure to pay Plaintiffs and other similarly situated exotic dancers as required by the FLSA was willful and intentional and was not in good faith.

## RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of those similarly situated, pray for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other similarly situated individuals as required by the FLSA;

C. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiffs and other similarly situated individuals;

D. Judgment that Defendant's violations of the FLSA minimum wage requirements not the product of good faith on the part of Defendant;

E. Judgment that Defendant's violations of the FLSA minimum wage requirements were willful;

F. An award to Plaintiffs and those similarly situated in the amount of all free and

clear unpaid wages found to be due and owing to Plaintiff and each similarly situated individual;

      G. An award to Plaintiffs and those similarly situated in the amount of all tips and gratuities unlawfully taken and/or assigned by Defendant and/or Defendant's management;

      H. An award of statutory liquidated damages in amounts prescribed by the FLSA;

      I. An award of attorneys' fees and costs to be determined by post-trial petition;

      J. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

      K. Such further relief as may be necessary and appropriate.

Respectfully submitted,

Dated: June 4, 2019

_____
Gregg C. Greenberg, VA Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiffs and the FLSA Collective*