IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS, VIRGINIA)

| | |
|---|---|
| CANDISS DAVIS, ET AL. | * |
| PLAINTIFFS, | * |
| v. | * Case No.: 4:19-cv-00055-RBS-RJK |
| KAYREE, INC. D/B/A CLUB PARADISE II , ET AL. | * |
| DEFENDANTS. | * |

**MOTION FOR JUDICIAL APPROVAL OF
SETTLEMENT AND DISMISSAL OF ACTION WITH PREJUDICE**

CANDISS DAVIS and LAKESHA HUDSON (hereafter "Plaintiffs") and KAYREE, INC. d/b/a CLUB PARADISE II, ANTHONY ROMINIYI, and CATHERINE ROMINIYI(hereafter "Defendants"), (collectively the "Parties"), by and through their undersigned counsel, respectfully request that the Court approve the attached Settlement Agreement and Release ("Agreement", attached as Exhibit "1") resolving the above-captioned action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

The Parties seek this Court's approval of the settlement because claims under the FLSA, such as those released by Plaintiffs in the Agreement, may not be waived or released in this Circuit without approval of the U.S. Department of Labor or a court. *See* 29 U.S.C. § 216(c); *Taylor v. Progress Energy, Inc.*, 415 F.3d 364, 374 (4th Cir. 2005), *vacated and remanded on other grounds*, 493 F.3d 454 (4th Cir. 2007); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 476 (D. Md. 2010).

For the reasons stated below, the Parties respectfully request that the Court find that the Agreement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions" and dismiss with prejudice Plaintiff's wage-and-hour and retaliation claims.

1

**I.     BACKGROUND**

In June 2019, Plaintiffs commenced the above captioned action. Plaintiffs were exotic dancers employed at Defendants' Paradise II Gentlemen's Club. Plaintiffs allege that Defendants misclassified Plaintiffs as independent contractors rather than properly classifying each as an employee under the FLSA. Plaintiffs further allege that Defendants charged Plaintiffs various fees, kickbacks, and sur-charges for dancing at the club. Arising from these allegations, Plaintiffs allege Defendants owe Plaintiffs "free and clear" minimum wage compensation for all hours worked, plus statutory liquidated damages as provided by the FLSA, plus payment of Plaintiffs' attorney's fees and costs.; and

Plaintiffs further allege upon learning Plaintiffs' intent to seek unpaid wages and damages due under the FLSA, Defendants terminated Plaintiffs' employment at the club, forbid Plaintiffs from entering or working at the club, defamed each Plaintiff's name and reputation, and took affirmative steps to contact other area businesses and gentlemen's clubs to "blackball" Plaintiffs in the exotic dance club industry. Arising therefrom, each Plaintiff seeks compensatory damages for economic and non-economic damages suffered.

The underlying wage claims Plaintiffs brings against Defendants are nearly identical to those that have been successfully prosecuted against other gentlemen's clubs in Virginia and in other jurisdictions across the 4th Circuit. *See e.g.,* See, e.g. *McFeeley v. Jackson St. Entm't, LLC*, 47 F.Supp.3d 260 (D. Md. 2014); *Butler v. PP & G, Inc*., 2013 U.S. Dist. LEXIS 159417 (D. Md. 2013); *Foster v. Gold & Silver Private Club, Inc.*, 2015 U.S. Dist. LEXIS 165217 (W.D. Va. 2015); *Gardner v. Country Club, Inc*., 2015 U.S. Dist. LEXIS 162009 (D.S.C. 2015); *Degidio v. Crazy Horse Saloon & Rest., Inc.,* 2015 U.S. Dist. LEXIS 132558 (D.S.C. 2015).

In response, Defendants assert unequivocally that neither Plaintiff ever had an employment relationship with Defendants. Defendants contend they asserted no control or direction over work duties performed by Plaintiffs and that each Plaintiff was an "independent contractor" and was never an "employee' under the FLSA. Further, Defendants assert the conclusion of Defendants' business relationship with Plaintiffs had no relationship to an FLSA wage claim.

Beyond legalities, during the pendency of the litigation, Defendants lost their liquor license and ceased operations and revenue generation. This fact, in conjunction with Defendants' obligation to pay back-due taxes and related restitution made it impossible for Defendants to afford a defense of Plaintiffs' claims or an ability to satisfy any judgment should Plaintiffs succeed in the case. Consequently, Defendants assert that if this matter were litigated to trial, Defendants would succeed on the merits or, alternatively, have no ability to satisfy a judgment.

## II.   LEGAL STANDARD

"A court-approved stipulated judgment or settlement is an exception" to the general rule that the FLSA's "provisions are mandatory and generally are not subject to bargaining, waiver, or modification by contract or settlement." *Navarro v. Eternal Trendz Customs, LLC*, 2015 U.S. Dist. LEXIS 24828, at *3 (D. Md. 2015) (citations omitted). "Such a settlement may be approved provided that it reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). "*Lynn's Food Stores* and similar cases recognize a role for less-than-full-value compromise in the FLSA settlement process" and "[t]hese compromises reflect the 'many factors [that] may be in play as the parties negotiate.'" *Lopez*, 748 F. Supp. 2d at 478 (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1227 (M.D. Fla. 2009)).

Although the Fourth Circuit "has not specifically identified the factors to be considered in approving FLSA settlements, district courts in this circuit typically employ the considerations set forth . . . in *Lynn's Food Stores*." *Navarro*, 2015 U.S. Dist. LEXIS 24828 at *3 (citations omitted); *see also Rivera v. Kantutas Rest., LLC*, 2018 U.S. Dist. LEXIS 71110, at *3-4 (D. Md. 2018) (same). As explained in *Navarro*, an FLSA settlement generally should be approved if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." This analysis includes consideration of (1) whether there are FLSA issues actively in dispute; (2) the fairness and reasonableness of the settlement; and (3) the reasonableness of the attorney's fees, if included in the agreement. These factors are most likely to be satisfied where there is an "assurance of an adversarial context" and the employees are "represented by an attorney who can protect their rights under the statute." *Navarro*, 2015 U.S. Dist. LEXIS 24828 at *3-4 (quoting *Lynn's Food Stores*, 679 F.2d at 1354) (other citation omitted); *Rivera v. Kantutas Rest., LLC*, 2018 U.S. Dist. LEXIS 71110 at *4 (same). There is a "'strong presumption in favor of finding a settlement fair' that must be kept in mind in considering the various factors to be reviewed in making the determination of whether an FLSA settlement is fair, adequate, and reasonable." *Lomascolo v. Parsons Brinckerhoff, Inc.*, 2009 U.S. Dist. LEXIS 89136, *27 (E.D. Va. 2009) (quoting *Camp v. Progressive Corp.*, 2004 U.S. Dist. LEXIS 19172, at *18 (E.D. La. 2004)), *adopted by* 2009 U.S. Dist. LEXIS 89129 (E.D. Va. 2009).

### III.   THE COURT SHOULD APPROVE THE PARTIES' AGREEMENT

#### A.   *A Bona Fide Dispute Exists As To The Amount, If Any, Of Unpaid Time*

"In determining whether a bona fide dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement."

*Ellis v. Panco Mgmt. of N.J., LLC*, 2017 U.S. Dist. LEXIS 156079, at *3 (D. Md. 2017) (citation omitted). Whether a plaintiff is entitled to overtime wages under the FLSA "is a fact-specific inquiry that is frequently at the heart of FLSA litigation." *Id.* at *3-4 (finding *bona fide* dispute where defendant initially contested plaintiff's position and does not admit liability in the settlement).

As detailed *supra*, Defendants dispute any potential liability and that Plaintiffs are entitled to any unpaid wages or damages. Thus, under the circumstance of the instant case, "there are genuine disputes with respect to all plaintiffs that support the concept of a negotiated settlement of FLSA claims." *See, e.g., Hernandez v. Choi*, No. 2014 U.S. Dist. LEXIS 1597766, at *8 (D. Md. 2014); *Rivera v. Dixson*, 2015 U.S. Dist. LEXIS 11248 at *5 (same); *see also Eguizabal v. Hu & Tan, Inc.*, 2018 U.S. Dist. LEXIS 21410, at *4 (D. Md. 2018) (finding bona fide dispute where the parties disagreed about whether any violations occurred); *Ellis*, 2017 U.S. Dist. LEXIS 156079 at *3 (*bona fide* dispute where defendant contested liability initially and in settlement agreement).

      **B.**    *The Settlement Is Fair and Reasonable*

"In assessing the fairness and reasonableness of the settlement agreement, the following factors should be considered: (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the Plaintiff; (5) the opinions of counsel; and (6) the probability of Plaintiff' success on the merits and the amount of the settlement in relation to the potential recovery." *Navarro*, 2015 U.S. Dist. LEXIS 24828 at *5-6 (citing *Saman v. LBDP, Inc.*, 2013 U.S. Dist. LEXIS 83414, at *8 (D. Md. 2013)) (internal quotation and citations omitted); *see also Rivera v. Kantutas Rest., LLC*, 2018

U.S. Dist. LEXIS 71110 at *5 (same).

Here, the "parties devoted a significant amount of time to settlement negotiations which spanned months." *Ellis*, 2017 U.S. Dist. LEXIS 156079 at *4. These negotiations were extensive and involved direct arms-length negotiations between the Parties' counsel. The settlement was reached by the Parties with full knowledge of the details and viability of each Parties' claims and defenses and financial capacity to satisfy any potential judgment. Thus, "the parties had sufficient opportunity to 'obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to trial of this case.'" *Id.* at *4-5 (quoting *Lomascolo*, 2009 U.S. Dist. LEXIS 89136 at *32).

At this point, it is expected that the Parties would be continuing with discovery through the filing of dispositive motions. As such, were this matter not to settle now, it may be a year before trial occurs. The continued costs, time and inconvenience that would be incurred by all parties by way of proceeding in that manner—but which they avoid by reaching an amicable resolution now––is another factor which supports approval of the settlement proposed by the Parties.

Further, "[w]hen all parties are represented by counsel of their choice in connection with the negotiations that led to the Settlement, there is a presumption that the Settlement was not the product of fraud or collusion." *Melendez v. Declerq, Inc.*, 2016 U.S. Dist. LEXIS 78332, at *13 (D. Md. 2016) (citing *Lomascolo*, 2009 U.S. Dist. LEXIS 89136 at *32 (citation omitted)). Here, there is an absence of any credible evidence of fraud or collusion between counsel.

Plaintiffs' counsel is well experienced in employment litigation, including single-party and collective-action wage and hour litigation and has recommended that his client accepts and sign the Agreement. Defendants, likewise, are represented by well-experienced counsel of their choice.

Ultimately, Plaintiff Candiss Davis will be receiving One Thousand Seven Hundred Fifty Dollars and Zero Cents ($1,750.00) and Plaintiff Lakesha Hudson will be receiving One Thousand Seven Hundred Fifty Dollars and Zero Cents ($1,750.00). Additionally, Plaintiffs will be receiving payment by Defendants of their attorney's fees and costs in the total amount of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00).

Plaintiffs' counsel has reviewed the information produced by Defendants and under the facts of this case, and most notably Defendants' precarious financial condition, regards the foregoing settlement a reasonable and fair compromise that is ultimately in Plaintiffs' best interest.

### C.   *The Proposed Attorneys' Fees are Reasonable*

Where a settlement agreement includes a provision for payment of attorneys' fees, the reasonableness of the award must also "be independently assessed, regardless of whether there is any suggestion that a conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Navarro*, 2015 U.S. Dist. LEXIS 24828 at *7-8 (citing *Saman*, 2013 U.S. Dist. LEXIS 83414, at *8-9 (D. Md. 2013)) (internal quotation marks omitted)). "[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Rivera v. Kantutas Rest., LLC*, 2018 U.S. Dist. LEXIS 71110 at *9-10 (quoting *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010)).

In this case, the Agreement provides for payment of Three Thousand Five Hundred Dollars and Zero Cents ($3,500.00) in attorneys' fees and costs. This recovery is less than one-third Plaintiffs' counsel's lodestar at his customary billing rate. Under these circumstances as detailed above, the agreed-upon amount for attorneys' fee and cost recovery is reasonable and supports

7

Court approval.

## IV.  CONCLUSION

For the reasons stated herein, the Parties jointly request that the Court approve the Agreement and dismiss all claims with prejudice.

Respectfully submitted,

_____/s/ Gregg C. Greenberg_____
Gregg C. Greenberg, Bar No. 79610
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Phone:  (301) 587-9373
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiffs*


_____/s/__ Benjamin M. Mason_____
Benjamin M. Mason, Bar No. 24009
Mason, Mason, Walker & Hedrick, P.C.
11848 Rock Landing Drive, Suite 201
Newport News, Virgina 23606
Phone:  (757) 873-3909
Email:  bmason@masonwalker.com

*Counsel for Defendants*